## Benjamin Down's Ex'r *v*. Sallie Miller, et al.

**Administrator—Payment of Claims.**

> An administrator, who pays a claim after he is notified by those interested in the estate that the claim had been paid in full by the decedent and it turns out that such claim had been so fully discharged, is not entitled to any credit in his final settlement for the sum thus paid on account of said claim.

### APPEAL FROM FAYETTE CIRCUIT COURT.

#### March 29, 1876.

OPINION BY JUDGE LINDSAY:

Miller swears in his deposition that he notified Brockman not to pay the account of Armstrong, and stated to him that he (Armstrong) had already been paid for all the services he rendered to the testator. He gives the time and place of his conversations with Brockman, and details what he said to him.

Brockman, in his deposition, makes no special reference to the alleged conversations, and does not in terms deny that Miller made the identical statements sworn to by him. He contents himself with

denying in general terms that he was warned or forbidden by Miller or his wife, or by any one else, to pay the claim of Armstrong.

The record before us does not show definitely which of the two witnesses gave his deposition first, but it makes clear the fact that Miller's deposition was taken two years prior to the submission of the cause, and that Brockman did not testify nor offer to testify to the particular conversations sworn to by Miller.

The court below could, therefore, well assume that Brockman paid the account with notice of the defense here being asserted. Hence the fact that it was properly verified and proved by the ex parte oaths of Armstrong and his witnesses does not necessarily protect Brockman. The weight of the evidence preponderates decidedly in favor of the conclusion that Armstrong received full compensation for all services rendered the testator by receiving a portion of each crop raised during the four years covered by his account.

The chancellor, therefore, properly surcharged the county court settlement, and properly held Brockman accountable for the additional sums adjudged against him.

Judgment *affirmed*.

*C. F. Carr, W. D. Boswell, for appellant.*